United States District Court
Middle District of Louisiana

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
98 OCT -6 AM 10: 37
SIGN_____
RICHARD T. MARTIN
CLERK

Hayes Williams, ET, al          Civil Action
           V.                   No. 71-98-B
John J. McKeithen, et, al       No. 92-1-B

### Objection To Joint Motions To Dismiss Action and Terminate Consent Decree Supervision Over Louisiana State Penitentiary

Now into Court Comes plaintiff a class member of this Lawsuit, who state as Follow;

Plaintiff was never consulted by his Attorney and does not agree to any Joint motions to settle or dismiss the Consent decree. An Attorney Cannot dismiss a claim or Suit of a Consent decree without Consent of the plaintiff's.

DKT. & ENTERED
DATE 10-8-98   R Curry
NOTICE MAILED TO: K. Nordyke
DATE 10-8  BY     J. Whitley
                  J. Preston
                  L. Hymel

1



3:71-cv-00098 10421 - 1
DATE: 10/07/98         DEPUTY CLERK: hj

C:FJP

Plaintiff has just been denied in 1998, his prescribed eye drop medications for over 50 days and has medication Chart Sheet to prove he request for his medication, for Glaucoma in both eyes.

Plaintiff contends defendants are presently housing mental Health and Suicide patient's at Camp-J-punitive Lockdown disciplinary Camp-J. Who are being denied proper treatment, and with security direct or indirect interference with the mental health Staff endeavor to help the inmates.

In 1998 three Correctional Officer were indicted by A Federal Grand Jury for beating a inmate at Louisiana State Penitentiary and denied the inmate medical treatment.

2

More than 10 inmates in 1998 has already made suicide attempt's at Camp-J. Not even including two other's inmates who was found dead by hanging in there Camp-J- cells in 1998.

Warden Burl Cain has close down the mental Health hospital facility at La. State Penitentiary and has ran off the best mental Health director in the History of L.S.P. Mrs. Delta Kuzenski.

I plaintiff John Poullard have been suffering with a continue cough for over 2 years and have been denied proper treatment.

The defendants has violated the consent decree when Camp-J- Management program was implemented under the consent decree, it was agreed to by Plaintiff attorney and defendants that a inmate who didnot progress through the program would be lateral transfer out of Camp-J- to CCR. Camp-D-CCR was then made for that transfer purpose. (Implemented of 1991). (1992).

Plaintiff John Poullard and others inmates has been house in Camp-J since 1994 and has not been lateral transfer out of Camp-J.

Plaintiff contends that the actions of the defendants is proof that they cannot even act properly under a consent decree.

4

Therefore to dismiss Action and Terminate Consent Decree Supervision is Nothing else but open Seasons to violate inmates Constitutional rights and open A Pandora Box of Law suits Flood Gate to be file back to this same court.

I file this objection into the court records to persevere any right to Litigate to the U.S. Court of Appeal 5th Circuit.

Respectfully Submit
John Poullard
Plaintiff

Certificate Of Service

I plaintiff Certify that a copy of this Objection has been serve upon the U.S. Court of Appeals, 5th Cir, La. State Bar Association, U.S. Dept of Justice, D.O.C. Attorney, Plaintiff Attorney, NAACP mail this 5 day of October 1998

John Poullard
John Poullard 98999
La. State Prison-Camp-c
Angola, La. 70712

5