

December 30, 1998

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED   FEB 22 1999

RICHARD T. MARTIN
CLERK

71-98

John Whitley
660 Laurel Street, Suite A
Baton Rouge, LA 70802

William G. Maddox
US Department of Justice
Civil Rights Division
Special Litigation Section
PO Box 6640
Washington, DC 20035

Dear Mr. Whitely & Mr. Maddox:

A former client from my days of capital defense work recently forwarded these letters to me. The writers are concerned that the letters were not received. I asked Keith Nordyke whether he had received any letters regarding the sewage problems at Angola and he said he did not think so. Out of an abundance of caution, I forward these to you.

Please address any correspondence regarding these letters to:

Travis Carter #97219
Camp D, Falcon 2
Louisiana State Penitentiary
Angola, LA 70712.

If you have already received these letters I apologize for the additional paperwork. Please feel free to call me if you have any questions.

Sincerely,

Shannon Wight

cc: Travis Carter
    Keith Nordyke

Enclosures as indicated

## JUVENILE JUSTICE
**PROJECT of LOUISIANA**
822 Camp Street
New Orleans, LA 70130
Telephone 504.522.5437
Facsimile 504.522.5430



DATE: 02/22/99                          DEPUTY CLERK: hj

Roger Yates
D.O.C. #87050
Travis Carter
D.O.C. #97219
George McGuffey
D.O.C. #87708
Camp-D, Falcon-2
Louisiana State Penitentiary
Angola, La. 70712


23, September 1998


Steven H. Rosebaum                          John Whitley
Chief                                       660 Laurel St.
William G. Maddox                           Suite-A
Christopher N. Cheng (PA # 69066)           Baton Rouge, La. 70802
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
P.O. Box 66400
Washington, D.C. 20035  (202) 514-8892

Dear Sirs;

    We are inmates at the Louisiana State Penitentiary, at Angola,
Louisiana.   This letter concerns the stipulations being made by
the U.S. Justice Department and State of Louisiana, in concert
with attorney Keith Nordyke, who represents the plaintiffs /
inmates in the Consent Decree which emerged from the Hayes Williams
- v. - McKeithen,  and Hayes Williams - v. - Edwards, (better
known as Hayes Williams I & II), suit.   These stipulations are
being formulated in an effort to get the Louisiana State Peniten-
tiary released from the Consent Decree.

    On 9-21-98, Mr. Nordyke came by Camp-D and left an ' ADVANCE '
copy of the proposed stipulations.   After reviewing the proposals
some of the claims of things which have been done...reads like a
FANTASY!

    The hospital has NOT been straightened up as claimed.   The
Medical Record Files are NOT updated; treatment for chronic ill-
nesses is virtually non*existent; and when the inmates here at
Camp-D make sickcall, the technician(s) does not take any vital
signs (blood pressure, pulse, temperature, etc.)...even though
there is a doctor's clinic at this camp - it is NOT used for
sickcall and subsequently, NO vital sign equipment is utilized.
To see a technician, you are examined through a fence or gate.
When you make sickcall, it takes 1-2+ weeks to see a doctor...
even with the doctor's clinic in the camp.   The Administration
here at Camp-D does NOT honor ' DOCTOREDORDERED ' bed rest.   When
there is an inmate in a dormitory with bed-rest, he is run out of
his dormitory - to another dormitory...while the Administration
claims they have to shut the dormitories down because they are

- 1 -

short-handed.    The question remains; how are the officials here
getting away with violating the Americans with Disabilities Act
(A.D.A.), in relation to inmates who are disabled and / or suffer
with chronic illnesses?

Also, the sewage and drain lines here share a common line.
When the drains clog, raw sewage backs up through the drains onto
the floors of the kitches, dormitories, hospital, and hospital
kitchen.    When heavy rains occur, the drain lines back up and
raw sewage washes out the drain lines and into open ditches and
canals.    Open air vent pipes connected to sewage lines next to
dormitories, spill raw sewage alongside the windowed areas of
dormitories when the drains back up.    Sewage traps alongside the
windowed areas of cellblocks, with nothing more than a flimsy
covering (non-sealing).    The same type of open sewage traps
exist approximately 25-30 foot from the doctor's clinics at both
Camps C & D here.    Additionally, these same type sewage traps
can be found alongside the windowed areas of the dormitories at
the Main Prison area as well as the kitchen there too.

The drain lines are routed to an OPEN oxidation pond, which
is approximately 1/4 mile (or less), from the Main Prison area
dormitories.    The rodeo graounds area is significantly closer
to this pond.    From the oxidation pond, the sewage is pumped
onward.

On or about 1988 / 1989, federal inspectors witnessed raw
sewage overflowing through the drain lines, onto the floors of
the Main Prison area kitchen.    At this time, Angola officials
were told to install separate sewage and separate drain lines.
NOTHING has been done to correct this or any of the above-cited
conditions.

These conditions create exceptionally high levels of bacteria
(ground level and ' AIR-BORNE '),    It is well-founded that there
is a connection between areas infested with high bacteria counts
and disease, such as cancer, etc.    There is also a high incidence
rate of cancer (especially stomach cancer); cirrohis of the liver;
FOLLICULITIS; etc. here as a result of the obvious high bacteria
count.

We can demonstrate the allegations about the sewage backing
up through the drains and onto the floors of the dormitories;
cellblocks; hospital, and hospital kitchen...and the kitchen at
the Main Prison area.    Since the sewage / drain problem was one
of the main problems cited in the original suit; and, this problem
was one of the main things ORDERED to be fixed in the Consent
Decree; . . . . . HOW COULD THIS PROBLEM STILL EXIST AFTER ALL
THIS TIME?????

When someone from the U.S. Justice Department comes here —
you put the officials here on notice before you come.    That gives
them time and opportunity to cover up and steer you away from the
problems here.

We are requesting an interview with the U.S. Justice Department
...John Whitley (Judge Polozola's Consent Decree Appointee); and
the two doctors (Dr. Puisis and Dr. Karam), indicated in the

- 2 -

advance copy of the proposals . . . ' ALL AT THE SAME TIME!'

Also, we would ask that when you come, please bring the necessary equipment and technicians to test the ' AIR-BORNE ' bacteria count here at Angola... especially inclusive of the areas of the open drains and other focal points for examination.

At the bottom of the proposals it stated, to contact the U.S. Justice Department and John Whitley if there is any opposition to that agreement.    Hence, this letter.

In closing, we simply state that we hope to see you, Whitley, and the two doctors soon.

Sincerely,

S/

Roger Yates
D.O.C. # 87050
Camp-D, Falcon-2
Louisiana State Penitentiary
Angola, La. 70712

S/ Travis Carter

Travis Carter
D.O.C. # 97219
Camp-D, Falcon-2
Louisiana State Penitentiary
Angola, La. 70712

S/ George McGuffey

George McGuffey
D.O.C. # 87708
Camp-D, Falcon-2
Louisiana State Penitentiary
Angola, La. 70712 -

cc:    To Files:    Yates      Judge Frank Polozola
                    Carter     Russel B. Long Federal Bldg. & Courthouse
                               777 Florida St. - Suite 355
                    McGuffey   Baton Rouge, La. 70801

- 3 -