UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HAYES WILLIAMS, ET AL.<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NUMBER 71-98-B-M1 |
| JOHN McKEITHEN, ET AL.<br>    Defendants | |
| UNITED STATES OF AMERICA<br>    Amicus Curiae. | |
| IN RE: JUVENILE FACILITIES | CIVIL ACTION<br>NUMBER 97-MS-B-M1 |
| IN RE: TALLULAH CORRECTIONAL<br>CENTER FOR YOUTH | CIVIL ACTION<br>NUMBER 97-665-B-M1 |
| IN RE: JETSON CORRECTIONAL<br>CENTER FOR YOUTH | CIVIL ACTION<br>NUMBER 97-666-B-M1 |
| IN RE: SWANSON CORRECTIONAL<br>CENTER FOR YOUTH | CIVIL ACTION<br>NUMBER 97O-667-B-M1 |
| IN RE: LOUISIANA TRAINING<br>INSTITUTE - BRIDGE CITY | CIVIL ACTION<br>NUMBER 97-668-B-M1 |
| IN RE: JENA JUVENILE JUSTICE<br>CENTER | CIVIL ACTION<br>NUMBER 98-804-B-M1 |
| BRIAN B., ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 98-886-B-M1 |
| RICHARD STALDER, ET AL | |

MEMORANDUM OPINION

This matter is before the Court for final approval of the Joint Settlement Agreement for Medical, Dental, Mental Health, Rehabilitation and Juvenile Justice Issues ("Settlement Agreement") which was filed with the Court on September 7, 2000 in the above

captioned cases.[1]  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court set a time period for filing objections to the agreement.  The Court also set a hearing for October 3, 2000 to consider any objections filed to the Settlement Agreement.  A review of the record reveals that no objections have been filed.  Since no objections have been filed, there is no need for the Court to conduct a hearing on the Settlement Agreement.

Therefore, the Settlement Agreement is hereby approved by the Court.  These cases will be administratively closed until further order of the Court.  It shall not be necessary for the parties to file any additional monthly or incident reports with the Court.  However, the parties shall continue to send these reports to the Court's expert.

This is a historic day for the State of Louisiana, the parties, and this Court.  By approving this Settlement Agreement, the Court has now transferred to the State of Louisiana FULL RESPONSIBILITY for running its adult and juvenile prisons in a constitutional manner.  It is this Court's belief that the State of Louisiana is now capable of running its own prisons in accordance with the Settlement Agreement, the Constitution and laws of the United States without the assistance of a federal judge.  However, should those in charge of the Louisiana prison system fail or refuse to comply with this Settlement Agreement or otherwise fail to operate its juvenile prison system in a constitutional manner,

---

[1] A copy of the Settlement Agreement shall be attached to this order.

2

this Court will be forced to reopen the case. Thus, my final statement to the State of Louisiana is very simple - run your own juvenile prisons in a constitutional manner or a federal judge will be required to do so for you.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, October __3__, 2000.

```
                              _____
                              FRANK J. POLOZOLA, CHIEF JUDGE
                              MIDDLE DISTRICT OF LOUISIANA
```